IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO. 3:14-CR-00098-SA |
| | ) | |
| BERTRIAL TOTTEN, | ) | |
| Defendant | ) | |

## MOTION FOR ORDER TO RESTRAIN DISSIPATION OF ASSETS

The United States of America, thorough the undersigned attorney, moves for an order restraining the defendant from dissipating assets in his possession that should be used towards satisfying restitution in this case. Since the defendant has assets that may be subject to dissipation in the near future before any show cause hearing, the United States requests that the Court give this motion expedited consideration.

By judgment dated April 27, 2015, Defendant Bertrial Totten was convicted of social security fraud under 18 U.S.C. § 641 and sentenced to a 5-year term of probation. The defendant was further ordered to pay restitution in the amount of $107,623.00, to the victims of his crime. To date, he has paid $125.00 towards the restitution debt.

On October 1, 2015, the defendant was approved for monthly benefits from the Department of Veteran Affairs. On November 2, 2015, Totten's probation officer informed the United States Attorney's Office that Totten also received a lump sum payment of $27,546.30 from the Department of Veterans Affairs. The probation officer further advised that the defendant has already spent part of the lump sum payment and has only $16,000.00 left.

Based on the information provided by his probation officer, the defendant is currently in possession of non-exempt assets that should be applied to the outstanding restitution balance.

The United States has a duty to ensure that the victims in this case receive full and timely restitution. *See* 18 U.S.C. § 3663A. For this reason, the United States moves for an order restricting the defendant from spending, transferring, withdrawing, or otherwise taking any action to dissipate the remaining $16,000.00 of his lump sum payment until the Court's next scheduled debtor show cause hearing can be held.[1]

The All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The United States Supreme Court has stated that a federal court may "issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued ...." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977).

The defendant was ordered to pay restitution in this case, and restitution has not yet been satisfied. An order restraining the defendant from dissipating the remainder of his lump sum payment is intended and necessary to effectuate the previously issued restitution order. Because the defendant has already spent a significant portion of the lump sum payment, the United States has reason to believe that an order restraining dissipation is necessary to ensure future availability of the defendant's assets to help satisfy restitution. Moreover, the defendant has not made any payments towards the restitution balance since April 2015.[2] This Court is, therefore, authorized to issue an order restraining or preserving the defendant's assets to help maximize the amount of restitution actually recovered. *See United States v. Abdelhadi*, 327 F. Supp. 2d 587, 600 (E.D. Va. 2004) (issuing restraining order on assets under All Writs Act because "there was

---

[1] Debtor show cause hearings are set for November 10, 2015, but there is no available time slot for the defendant to attend. The next debtor show cause hearings are expected to be scheduled for December 2015 or January 2016.
[2] At this time, the defendant has not entered a repayment plan regarding restitution. He is, however, enrolled in the Treasury Offset Program ("TOP"), and it is expected that TOP payments will commence in the near future.

reason to believe that the restraining order was necessary to ensure the future availability of defendant's property to satisfy restitution").

Based on the foregoing, the United States respectfully requests that the Court grant its motion and issue an order restraining asset dissipation under the All Writs Act. Because of the straightforward nature of this motion, the United States also requests that it be excused from filing a supporting memorandum brief.

        Respectfully Submitted,

        FELICIA C. ADAMS, MSB #1049
        United States Attorney

By: **/s/Krystal D. Walker**
    KRYSTAL D. WALKER, MSB #103304
    Assistant United States Attorney
    900 Jefferson Avenue
    Oxford, Mississippi 38655-3608
    (662) 234-3351
    Attorney for the United States of America

CERTIFICATE OF SERVICE

I, KRYSTAL D. WALKER, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I have electronically filed the foregoing Motion for Order to Restrain Dissipation of Assets with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

>Gregory S. Park
>greg_park@fd.org

I further certify that I have mailed by United States Postal Service the Motion for Order to Restrain Dissipation of Assets to the following non-ECF participant:

>Bertrial Totten
>7266 Highway 309
>Holly Springs, MS 38635

This the 5th day of November, 2015.

>/s/Krystal D. Walker
>ASSISTANT UNITED STATES ATTORNEY